# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ashton Aaron Coleman<br>3943 W. Rene Dr.<br>Chandler, AZ 85226 | )<br>)<br>) Civil Action No. 18-cv-2634<br>) |
| Plaintiff, | ) COMPLAINT<br>) 18 USC §925A |
| v. | ) Second Amendment<br>) |
| UNITED STATES OF AMERICA<br>C/O Office of the Attorney General<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | )<br>)<br>)<br>)<br>) |
| Matthew George Whitaker,<br>in his official capacity<br>as Acting Attorney General<br>Office of the Attorney General<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Federal Bureau of Investigation<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20535 | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

_____

**COMES NOW** the Plaintiff, by and through undersigned counsel, and

alleges as follows:

## PARTIES

1.      Plaintiff, Ashton A. Coleman ("Coleman") is an adult male citizen of the State of Arizona.[1]

2.      Defendant United States of America ("USA") is a jural entity.

3.      Defendant, Matthew George Whitaker, is sued in his official capacity as the Acting Attorney General of the United States of America.  As Acting Attorney General, Defendant Whitaker is responsible for administering and executing the laws, customs, practices and policies of the United States, and is currently enforcing the laws, customs, practices and policies complained of in this action.  Both the Bureau of Alcohol, Tobacco and Firearms and Defendant Federal Bureau of Investigation are under Defendant Whitaker's supervision.

4.      Defendant Federal Bureau of Investigation is sued as the entity that oversees and conducts the National Instant Criminal Background Check System ("NICS") and is responsible for enforcing the laws, customs, practices and policies complained of in this action.

---

[1] Mr. Coleman was previously known as Ash Onyx Auryn Coleman.  His name was legally changed to Ashton Aaron Coleman pursuant to an order of the Circuit Court for the City of Lynchburg, Virginia on June 2, 2011.  Exhibit A.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction of this matter pursuant to 28 U.S.C.

§§1331, 1346; and 18 U.S.C. §925A, since the United States is a Defendant

and the case arises under the Constitution and laws of the United States.

6.  Venue is proper under 28 U.S.C. §1391(b)(1).

## STATEMENT OF FACTS

7.  18 U.S.C. §922(g)(1) provides that:

It shall be unlawful for any person-- (1) who has been
convicted in any court of, a crime punishable by imprisonment
for a term exceeding one year;
***
to ship or transport in interstate or foreign commerce, or possess
in or affecting commerce, any firearm or ammunition; or to
receive any firearm or ammunition which has been shipped or
transported in interstate or foreign commerce.

8.  18 U.S.C. §921(a)(20) provides that:

The term "crime punishable by imprisonment for a term
exceeding one year" does not include—

(A) any Federal or State offenses pertaining to antitrust
violations, unfair trade practices, restraints of trade, or other
similar offenses relating to the regulation of business practices,
or
(B) any State offense classified by the laws of the State as
a misdemeanor and punishable by a term of imprisonment of two
years or less.

What constitutes a conviction of such a crime shall be
determined in accordance with the law of the jurisdiction in
which the proceedings were held. **Any conviction which has
been expunged, or set aside or for which a person has been**

**pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.** (emphasis added).

9.      Plaintiff was convicted in the Circuit Court of the City of Lynchburg, Virginia for the crime of breaking and entering with the intent to commit a felony (larceny) (two counts) and grand larceny on August 29, 2001, and was convicted in Amherst County, Virginia on September 5, 2001 of conspiracy to commit a felony. Plaintiff received a suspended sentence and probation on each conviction. The crimes Plaintiff was convicted of, while felonies, did not involve the use of a dangerous weapon. See Exhibit B.

10.      Plaintiff was discharged from probation on March 4, 2004. Exhibit C

11.      Plaintiff has since been a model citizen since the completion of his sentence.

12.      Pursuant to order of the Governor of Virginia, dated February 23, 2012, Plaintiff, Mr. Coleman's civil rights were restored with the exception of the right to ship and possess firearms. Exhibit B.

13.      Desiring to have his firearm rights restored, Plaintiff applied to the Circuit Court of Bedford County, Virginia for restoration of his firearm rights, pursuant to Virginia Code Section 18.2-308.2C.

14.    The Court entered an order granting Mr. Coleman his firearms rights on April 6, 2012.  Exhibit D.

15.    Mr. Coleman has since purchased firearms and been issued concealed weapons permits.  For example, the City of Lynchburg, Virginia issued him a Virginia Concealed Handgun Permit on February 19, 2013.  The State of Arizona issued him a Concealed Weapons Permit on March 12, 2015.  Exhibit E.  Each of those activities required him to pass a background check.

16.    On or about January 30, 2018, Plaintiff submitted an ATF Form 1 to make and register a short barrel rifle, Serial Number G0007175, an NFA firearm as defined by federal law.  That application was denied on June 26, 2018 by ATF on the basis of "background."  Exhibit F. A June 26, 2018 letter from ATF stated that a National Instant Criminal Background Check search indicated that Mr. Coleman was a prohibited person.  In accordance with NICS procedures a NICS Transaction Number was assigned to him in connection with the transaction.  That NTN is 100LWW9RZ.  Exhibit F.

17.    The letter from the ATF stated in pertinent part:

> Because ATF is prohibited from approving any transfer to a prohibited person, the NFA implementing regulations require that "in addition to any other records checks that may be conducted to determine whether the transfer, receipt, or of a firearm would place the transferee in violation of law, the Director shall contact the National Instant Criminal Background Check System."

The National Instant Criminal Background Check System (NICS) was created by section 103 of the Brady Handgun Violence Prevention Act of 1993 (Brady Act), 103 P.L. 159. . . . When FBI/NICS informs ATF that their records indicate that an individual is a prohibited person, a NICS Transaction Number (NTN) is assigned to the individual. Federal law requires that ATF deny any application to transfer firearms to that individual. Your NTN is 100LWW9.RZ.

The Federal Bureau of Investigations (FBI) is responsible for operating NICS. . . .

If you would like to appeal the NICS denial, you may file an appeal form electronically. The link to access the on line forms is:

https://forms.fbi.gov/nics-appeal-request-form.

If you would like to contact the FBI and request the reason for your denial, you may send a written request to:

FBI Criminal Justice Information Services Division
National Instant Criminal Background Check Section
Appeal Services Team
Post Office Box 4278
Clarksburg, West Virginia 26302-9922

You must include your complete mailing address and your NICS Transaction Number (NTN). It is optional to provide your phone number and email address.

Exhibit F.

18.    On or about January 30, 2018, Plaintiff submitted another ATF Form 1 to make and register a short barrel rifle, Serial Number 62B048163. That application was denied on June 26, 2018 by ATF on the basis of "background." Exhibit G. A June 26, 2018 letter from ATF stated that a National Instant Criminal Background Check search indicated that Mr. Coleman was a prohibited person. In accordance with NICS procedures a

NICS Transaction Number was assigned to him in connection with the transaction. That NTN is 100LWW9N1. Exhibit G.

19.     The letter from ATF denying Mr. Coleman's application included identical wording as set forth in paragraph 17, above. Exhibit G.

20.     Short barrel rifles are legal in the State of Arizona provided ownership and possession of such firearms complies with federal law.

21.     In accordance with the instructions given him by ATF, Plaintiff appealed the denial of his NICSs clearance to the FBI and provided documentation of restoration of his firearm rights. Rather than the FBI correcting the record or explaining to Plaintiff why he failed the NICS checks, Plaintiff received a response, dated June 6, 2018, to the effect that the FBI does not process appeal requests for NFA background checks. Exhibit H. This was despite that ATF's denial was based on Plaintiff ostensibly failing an FBI NICS check.

22.     Prior to October 23rd, 2015 individuals who received a denial from NICS could file an appeal with the FBI. On information and belief after October 23rd, 2015, the FBI stopped processing appeals despite being authorized to process them.

23.     On information and belief, pursuant to a Freedom of Information Act request made by third parties in April 2016, the FBI provided documents

confirming that it in fact stopped processing appeals and "Incoming Appeal Mail will not be processed."

24.     This leaves Plaintiff with an inadequate remedy to his issue resolved without resorting to the courts.

25.     Defendants' refusal to process Plaintiff's NICS appeals infringes upon the Plaintiff's statutory and Second Amendment rights.

26.     Indeed, under 28 C.F.R. § 25.10, the FBI has an obligation to verify the record correction with the originating agency and take all necessary steps to correct the record in NICS. This is not a discretionary duty. Yet here, the FBI failed to do so.

27.     Defendants are either willfully denying Plaintiff his Second Amendment and statutory rights or there is a glitch in the system showing that Plaintiff is a prohibited person when he is not. There is no basis for Defendants to deny Plaintiff his firearm and his Second Amendment and statutory rights.

28.     On January 20, 2016, USA Today reported that the FBI is halting "the processing of thousands of appeals from prospective buyers whose firearm purchase attempts have been denied."[2]

---

[2]     http://www.usatoday.com/story/news/nation/2016/01/19/fbi-guns-background-checks/78752774/?siteID=je6NUbpObpQ-BbTAhOhBe3xFjZr6NOLwLQ     (last accessed August 2, 2018).

## COUNT I: 18 USC § 925A

29.     Plaintiff incorporates each previous paragraph as if set forth herein again.

30.     18 U.S.C. § 925A provides

Any person denied a firearm pursuant to subsection (s) or (t) of section 922—

(1) due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act; or

(2) who was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922,

may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be. In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

31.     The FBI's letter to Plaintiff stating that they do not process appeals from ATF denials is nonsensical. Plaintiff did not ask the FBI to process an appeal from an ATF denial, Plaintiff asked the FBI to process an appeal from the FBI's NICS denial upon which ATF relied in denying Plaintiff's Form 1 applications.

32.     Plaintiff requests that an order issue directing the FBI to correct any erroneous information in the NICS system and direct the attorney general to approve Plaintiff's applications to make and register short barrel rifles.

33.     Plaintiff further requests that an order issue directing Defendants to issue Plaintiff a UPIN (Unique Personal Identification Number) so future transactions may proceed without delay.

### COUNT II – VIOLATION OF THE SECOND AMENDMENT

34.      Plaintiff incorporates each previous paragraph as if set forth herein again.

35.     Defendants' conduct burdens Plaintiff's Second Amendment rights as it prohibits him from acquiring firearms which he legally may own and possess in his state of residence: Arizona.

36.     Defendants' conduct additionally burdens Plaintiff's Second Amendment rights as Defendants' act to arbitrarily and capriciously revoke Plaintiff's restored rights without due process of law.

37.     Additionally, Plaintiff is not a prohibited person and the Defendants should be immediately enjoined from denying Plaintiff his Second Amendment rights to possess and acquire firearms which are legal for him to own and possess in his state of residence: Arizona.

38.     Plaintiff also requests his attorneys' fees and costs be awarded to Plaintiff and requests any other relief to which he may be entitled.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

(1) Order Defendants to correct its records on Plaintiff to reflect that he is not forbidden to purchase, receive, or possess a firearm;

(2) Order that Defendants approve Plaintiff's applications to make and register short barrel rifle Serial Number G0007151 and short barrel rifle Serial Number 62B048163; and

(3) Order Defendants to issue Plaintiff a UPIN;

(4) That Plaintiff be awarded his costs and attorney's fees and any other relief to which he is entitled.

Respectfully Submitted,

**ASHTON AARON COLEMAN**

/s/ George L. Lyon, Jr.
DC Bar No. 388678
Bergstrom Attorneys
10521 Judicial Drive, Suite 200
Fairfax, Virginia 22030
Tel: 202-669-0442
Fax 202-483-9267
Email: gll@bergstromattorneys.com
*Counsel for Plaintiff*

November 15, 2018